UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


JOSHUA E. BACON                          CIVIL ACTION

VERSUS                                   NUMBER: 11-00015

29TH JUDICIAL DISTRICT COURT,            SECTION: "F"(5)
STATE OF LOUISIANA, PARISH
OF ST. CHARLES, DIVISION "E"
JUDGE ROBERT A. CHAISSON


**REPORT AND RECOMMENDATION**


The above-captioned petition for writ of mandamus came before the Court pursuant to Local Rule 72.1E(B)(1) for a determination of pauper status under 28 U.S.C. §1915.  The pertinent portions of the latter statute direct that a court shall dismiss a case at any time if it is determined that the action is frivolous or malicious or fails to state a claim upon which relief can be granted.  28 U.S.C. §1915(e)(2)(B)(i) and (ii).

As best as the Court can determine, plaintiff herein, Joshua E. Bacon, is a party to various civil and criminal proceedings which are or were pending before Judge Robert A. Chaisson of the

Twenty-Ninth Judicial District Court for the Parish of St. Charles, State of Louisiana. Plaintiff alleges that in the course of those state court proceedings he has brought up issues of fraud and perjury which have not been addressed. (Complt. at p. 2). In his prayer for relief, Bacon asks that all orders and judgments issued by the Twenty-Ninth Judicial District Court be vacated and that an ex parte order issued by a state court in Georgia be enforced. (Id.).

The alleged conduct of Judge Chaisson of which plaintiff complains concerns the manner in which that Judge is handling a case or cases pending on his docket. Such conduct is clearly judicial in nature, triggering the application of judicial immunity. Jones v. Judge of the 129th, Harris County District Court, 113 Fed.Appx. 603, 604 (5th Cir. 2004)(citing Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994)). Although plaintiff does not indicate in which capacity Judge Chaisson is being sued, any §1983 claim against the Judge in his individual capacity falters due to the absolute judicial immunity that he enjoys. Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099 (1978); Graves v. Hampton, 1 F.3d 315, 317-18 (5th Cir. 1993). Further, any such claim brought against Judge Chaisson in his official capacity fails for two reasons. First, the Judge is a state official and state officials acting in that capacity are not considered to be "persons" within

2

the meaning of §1983.  Washington v. Louisiana, 2009 WL 2015556 at *5 (E.D. La. June 30, 2009).  Second, because an official-capacity claim against the Judge is, in reality, a claim against the state itself, any such claim is barred by the Eleventh Amendment. Voisin's Oyster House, Inc. v. Guidry, 799 F.2d 183, 188 (5th Cir. 1986); Doris v. Van Davis, 2009 WL 382653 at *2 (E.D. La. Feb. 12, 2009).

Finally, the relief requested by plaintiff in the instant matter is in the nature of mandamus.  On that score, the law is clear that federal courts possess no general mandamus powers to direct state courts and their judicial officers in the performance of their duties.  See Santee v. Quinlan, 115 F.3d 355, 357 (5th Cir. 1997); Russell v. Knight, 488 F.2d 96 (5th Cir. 1973); Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275 (5th Cir. 1973); Lamar V. 118th Judicial District Court of Texas, 440 F.2d 383 (5th Cir. 1971); Haggard v. State of Tennessee, 421 F.2d 1384 (6th Cir. 1970).  To the extent that Bacon complains that issues that he has raised in various state court proceedings have not been addressed, his recourse is to bring such alleged failures to the attention of the state appellate court and, thereafter, to the Louisiana Supreme Court; federal courts, as courts of original jurisdiction, do not sit as appellate courts to review, modify, nullify, or enforce the orders of the state courts.  Liedtke v. State Bar of Texas, 18 F.3d

3

315, 317 (5th Cir.), <u>cert</u>. <u>denied</u>, 513 U.S. 906, 115 S.Ct. 271
(1994); <u>Hale v. Harney</u>, 786 F.2d 688, 690-91 (5th Cir. 1986);
<u>Hagerty v. Succession of Clement</u>, 749 F.2d 217, 220 (5th Cir. 1984),
<u>cert</u>. <u>denied</u>, 474 U.S. 968, 106 S.Ct. 333 (1985).[1]/

<u>**RECOMMENDATION**</u>

For the foregoing reasons, it is recommended plaintiff's
complaint be dismissed as frivolous and for failure to state a
claim upon which relief can be granted under 28 U.S.C.
§1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed
findings, conclusions, and recommendation contained in a magistrate
judge's report and recommendation within fourteen days after being
served with a copy shall bar that party, except upon grounds of
plain error, from attacking on appeal the unobjected-to proposed
factual findings and legal conclusions accepted by the district
court, provided that the party has been served with notice that
such consequences will result from a failure to object. <u>Douglass
v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en
banc</u>).

---

[1]/ The Court parenthetically notes that plaintiff has another
lawsuit pending here regarding his dissatisfaction with the
proceedings before the Twenty-Ninth Judicial District Court, <u>Bacon
v. St. Charles Parish, et al.</u>, 10-CV-4520 "I"(2).

New Orleans, Louisiana, this <u>10th</u> day of <u>  January    </u>, 2011.

<u>                              </u>
UNITED STATES MAGISTRATE JUDGE